# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00569-CV

### WC Paradise Cove Marina, LP; World Class Capital Group, LLC; WC Paradise Cove GP, LLC; and Natin Paul, Petitioners

v.

### Jordan Herman, Michael Whittington and Deborah Whittington, Respondents

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GN-11-003308, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

WC Paradise Cove Marina, LP; World Class Capital Group, LLC; WC Paradise Cove GP, LLC; and Natin Paul filed a petition for permissive interlocutory appeal, complaining of the trial court's interlocutory order in favor of Jordan Herman, Michael Whittington and Deborah Whittington. Herman and the Whittingtons oppose the granting of the petition.

The underlying dispute concerns whether a restrictive covenant contained in a 1956 deed bars petitioners from constructing and operating a recreational vehicle park on the banks of Lake Travis. Herman and the Whittingtons sued petitioners, asserting that the RV park violated the covenant, which provides that no grantees would use the land "for camping by persons other than those for whose benefit the said easement is reserved and dedicated." Herman and the Whittingtons moved for partial summary judgment, arguing that the covenant, as a matter of law, bars petitioners from using the land as an RV park and that they were entitled to summary judgment

on petitioners' affirmative defenses of ratification, waiver, abandonment, limitations, and laches. Petitioners responded that the covenant was ambiguous, presenting evidence related to the land, its purchase, and its earlier usage, and that there were live issues of fact related to their affirmative defenses. The trial court ruled against petitioners, granting partial summary judgment and permanently enjoining petitioners from constructing or operating an RV park on the property.

Petitioners argue that the trial court's interlocutory order decided controlling questions of law about which there are substantial grounds for differing opinions when it decided how the 1956 covenant should be interpreted and applied and in ruling against petitioners on their affirmative defenses. *See* Tex. R. App. P. 28.3.

We have carefully reviewed the petition and the response. As in *King-A Corporation d/b/a McDonald's, Robstown v. Wehling*, the fact that the trial court ruled against petitioners does not mean that the court decided a controlling question of law about which there is substantial ground for a difference of opinion. *See* No. 13-13-00100-CV, 2013 Tex. App. LEXIS 2761, at *8-9 (Tex. App.—Corpus Christi Mar. 14, 2013, no pet.) (mem. op.); *see also* Tex. R. App. P. 28.3(e)(4). We deny the petition for permissive appeal.

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Petition for Permissive Appeal Denied

Filed:   September 6, 2013

2